UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SUSAN A. YOUNG,                                   Civ. Act. No.: 09-CV-9811 (RJH)

                Plaintiff,

-against-                                         **DEFENDANTS' RULE 26(a)
                                                     DISCLOSURE STATEMENT**
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and CONTINENTAL
CASUALTY COMPANY,

                Defendants.
------------------------------------------------------------X

Pursuant to Rule 26(a)(1), Defendants, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford") and CONTINENTAL CASUALTY COMPANY ("CCC") (collectively, "Defendants"), by and through their attorneys, SEDGWICK, DETERT, MORAN & ARNOLD LLP, sets forth the following as their initial disclosure.

## I. INTRODUCTORY STATEMENT

This ERISA matter is an action for review on an administrative record, and therefore, these proceedings are exempt from initial disclosure pursuant to Rule 26(a)(1). As this case is governed by ERISA, the evidence is limited to the relevant documents in the administrative record. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995); *see also Hobson* v. *Metropolitan Life Ins. Co.*, 573 F.3d 75, 89 (2d Cir. 2009); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003).

All of the disclosures set forth below are made subject to the above comments and qualifications.

NY/560603v1

## II. DISCLOSURES

Subject to the above Introductory Statement, Defendants disclose the following:

(i) <u>The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless use would be solely for impeachment.</u>

Pursuant to applicable ERISA law, the Court's review is limited to the Administrative Record, produced herewith, and Defendants rely on the Administrative Record to support their claims and defenses that Hartford's decision was not arbitrary and capricious. At this time, other than the parties herein, their agents, servants, and/or employees and those persons identified in the claim file (annexed hereto as Exhibit "B"), Defendants know of no other witnesses regarding the within occurrence. Defendants state that with respect to the transfer of CCC's group disability business to Hartford, Defendants do not know of any witnesses other than those persons identified in the documents identified in (ii) *infra*. Defendants reserve the right to supplement this response.

(ii) <u>A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.</u>

While these proceedings are exempt from Initial Disclosure, without waiving such exemption, Defendants believe that the following documents are relevant to the facts contained in the complaint and are the only documents relevant to the issues in this case:

- A copy of the group insurance policy no. SR-83127373 issued by CCC to Milbank, Tweed, Hadley & McCloy, LLP insuring the Milbank, Tweed, Hadley & McCloy, LLP Group Disability Income Insurance Plan effective March 1, 2002, annexed hereto as **Exhibit "A"** and numbered YOUNG 000001 to YOUNG 000038.

2

- A copy of Hartford's claim file annexed hereto as **Exhibit "B"** and numbered YOUNG 000039 to YOUNG 001174;

- A copy of Hartford's Special Investigation Unit file annexed hereto as **Exhibit "C"** and numbered YOUNG 00001175 to YOUNG 001313;

- A copy of the surveillance video contained on CD at YOUNG 001175 annexed as **Exhibit "D;"**

- A copy of the relevant documents demonstrating that the discretionary authority vested in CCC was transferred to Hartford. These documents will be produced upon entry of an appropriate confidentiality order.

Hartford reserves the right to supplement this response.

(iii) <u>A computation of any category of damages claimed by the disclosing party—who must make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.</u>

Not applicable.

(iv) <u>For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.</u>

*See* **Exhibit "A."**

Dated:   New York, New York
         March 3, 2010

Yours, etc.,

MICHAEL H. BERNSTEIN
JOHN T. SEYBERT
SEDGWICK DETERT MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
*Attorneys for Defendants*
HARTFORD LIFE GROUP INSURANCE
COMPANY and CONTINENTAL CASUALTY
COMPANY
[SDMA File #02489-000044]

To:     Scott M. Riemer, Esq.
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
Telephone: (212) 297-0700
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' RULE 26(a) DISCLOSURE STATEMENT** was served **via regular mail** on March 3, 2010, upon the following:

>Scott M. Riemer, Esq.
>RIEMER & ASSOCIATES LLC
>60 East 42nd Street, Suite 1750
>New York, New York 10165
>Tel.: (212) 297-0700

Dated: New York, New York
       March 3, 2010

                                      JOHN T. SEYBERT (JS 5014)