UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

SUSAN A. YOUNG,                                    Civ. Act. No.: 09-CV-9811 (RJH)

                    Plaintiff,

        -against-                                **DECLARATION OF**
                                         **JEFFREY B. O'POLKA**

HARTFORD LIFE AND ACCIDENT                         DOCUMENT
INSURANCE COMPANY and CONTINENTAL                  ELECTRONICALLY FILED
CASUALTY COMPANY,

                    Defendants.
--------------------------------------------------------X

       JEFFREY B. O'POLKA, pursuant to 28 U.S.C. §1746(2) declares under penalty of perjury

the following:

       1.     I am currently employed by Hartford Life and Accident Insurance Company

("Hartford") as its Best Practices Manager.  In August 2008, I was employed by Hartford as its LTD

Assistant Director and in that capacity, **REDACTED**

**REDACTED** I

have personal knowledge of the facts attested to in this declaration, some of which have been

ascertained from the business records generated and maintained by Hartford in its ordinary course

of business.  This Declaration is respectfully submitted in opposition to plaintiff, Susan Young's

motion for summary judgment.

       2.     **REDACTED**

**REDACTED**

       3.     Nurse Phelps served as a Medical Clinical Case Manager in the Long Term Disability

Clinical Department from April 5, 1999 until June 30, 2009.  Medical Clinical Case Managers assist participants in returning to work, by using their medical knowledge and experience to evaluate an individual's physical capabilities. To do so, the Medical Clinical Case Manager analyzes a participant's medical information, including his or her current restrictions and limitations, and assists Rehabilitation Clinical Case Managers in finding any available occupations that the participant can perform given his or her medical restrictions and limitations, as well as his or her education training and experience. Medical Clinical Case Managers do not make decisions or recommendations about whether a participant is, was, or remains eligible for disability benefits under the terms of his or her benefit plan.

4.      In some instances it may be determined that a participant is able to return to work, either in her own or another occupation.  In those circumstances, the Medical Clinical Case Manager assists the participant and the Rehabilitation Clinical Case Manager in her attempts to do so.  In other instances, however, a Medical Clinical Case Manager may assist a Rehabilitation Clinical Case Manager in reaching the conclusion that a participant is not functionally able to return to work.

5.      In 2008, as well as at the present time, Medical Clinical Case Managers did not have any decision-making authority with respect to whether a participant is entitled to disability benefits, or whether a participant's claim for disability benefits should be terminated.  Rather, the Medical Clinical Case Manager's primary role was, and still is, limited to providing assistance to the claims department with review of medical records and providing a better understanding of participants' medical conditions and assisting Rehabilitation Clinical Case Managers and participants who have the potential to return to work.

6.      Success for a Medical Clinical Case Manager based on "return to work" occurs when a participant is identified as having the potential for returning to work, and successfully does so. Because it is in the best interests of a participant to return to work, if he or she can and when it is reasonably possible to do so, the goal for Medical Clinical Case Managers is to help them achieve a return to work.  But that is a completely separate issue from any decisions regarding whether LTD claims should be approved, denied or terminated, which decision is outside the scope of their duties.

I declare under penalty of perjury that the foregoing is
true and correct.

Dated:   February 24, 2011

JEFFREY B. O'POLKA

## **CERTIFICATE OF SERVICE**

      I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DECLARATION OF JEFFREY B. O'POLKA** was served via ECF on this 25th day of February 2011, upon the following:

Scott M. Riemer Esq.

RIEMER & ASSOCIATES

60 East 42nd Street, Suite 1750

New York NY 10165

Business Phone:  (212) 297-0700

Business E-mail:  sriemer@riemerlawfirm.com

s/_____

JOHN T. SEYBERT (JS 5014)

Dated:     New York, New York

            February 25, 2011