UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

SUSAN A. YOUNG,                                              Civ. Act. No.: 09-CV-9811 (RJH)

                                    Plaintiff,

                                                             **DEFENDANTS' COUNTER
          -against-                                          STATEMENT TO PLAINTIFF'S
                                                             RULE 56.1 STATEMENT**

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and CONTINENTAL                            DOCUMENT
CASUALTY COMPANY,                                            ELECTRONICALLY FILED

                                    Defendants.
---------------------------------------------------------X

   Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of New

York, defendants, Hartford Life And Accident Insurance Company ("Hartford") and Continental

Casualty Company ("CCC") (collectively, "Defendants"), by and through their attorneys, Sedgwick,

Detert, Moran & Arnold LLP, submit this Counter Statement to Plaintiff's Rule 56.1 Statement dated

February 11, 2011, Doc. No. 32, as follows:

## PRELIMINARY STATEMENT

   Defendants state that they have filed their Rule 56.1 Statement of Material Facts dated February

11, 2011, Doc. No. 29, in support of their own motion for summary judgment.  Rather than restating

those statements herein, Defendants respectfully refer this Court to Defendants' Rule 56.1 Statement for

supplemental facts asserted in opposition to Plaintiff's motion.

## PRELIMINARY OBJECTIONS

   1.  Defendants object to each and every Statement to the extent that Plaintiff has failed to

include citations to record evidence that would be admissible as set forth in Rule 56(e), FED. R. CIV.

PROC.

   2.  Defendants object to each and every Statement that references evidence that was not

identified in Plaintiff's Rule 26(a) Disclosure, or otherwise, produced in discovery.

3.       Defendants object to each and every Statement to the extent that it references hearsay evidence not attached to a sworn declaration or affidavit made on personal knowledge.

4.       Defendants object to each and every Statement to the extent it relies on information or evidence outside the administrative record to prove Plaintiff's alleged entitlement to benefits or a procedural irregularity.

5.       Defendants object to each and every Statement to the extent that it treats issues of law as issues of fact.

6.       Defendants object to each and every Statement to the extent that it references "facts" that are not material to the pending motion for summary judgment.

7.       Defendants object to each and every Statement to the extent it is not a short and concise statement.

## RESPONSES

1.       Admit.

2.       Admit.

3.       Admit.

4.       Admit that the text is correctly quoted.

5.       Admit and state that Hartford is successor-in-interest to CCC with respect to the insurance policy issued to the Milbank Plan.  (*See* Declaration of Leslie T. Soler, dated February 9, 2011, Doc. No. 26).

6.    Deny except admit that Plaintiff Susan A. Young's ("Young") primary function and components of her job as a transactional attorney at Milbank were described by Milbank as drafting and revising documents and distribution of said documents; negotiations in person and over the phone; and attend meetings inside and outside of the office.  (1055).[1]

7.    Deny as stated and refer Court to the Physical Demands Analysis.  (1056).

8.    Deny that this evidence is part of the administrative record, but admit that the classification for Young's occupation at Milbank is "sedentary."  (0070, 0211, 0386, 1055-56).

9.    Deny, except admit that Young claims that she suffered back and neck pain on May 29, 2004 while brushing her teeth.  (0909).

10.   Deny, except admit that an MRI Report dated June 13, 2004 noted "C6/C7 small right paracentral disc herniations.  C5/C6 tiny right paracentral disc herniations.  No evidence of spinal cord compression."  (1067).

11.   Deny, except admit that Young stopped working at Milbank as of August 17, 2004.  (1080).

12.   Admit.

13.   Admit.

14.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

15.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that Dr. Moore diagnosed Young with "mild cervical myelopathy" and recommended surgery in his January 25, 2005 office note.  (0910).

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "YOUNG 00__," which are annexed to the Declaration of Juan Mendez dated February 10, 2011("Mendez Dec.") as Exhibits "A" through "C."

16.   Admit.

17.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

18.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

19.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants admit the Statement, except deny that there was an "ergonomic re-fitting of" Young's office and state ergonomic accommodations were made for Young. (0747-48).

20.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that Young worked from home in or around February 2006.  (0708-10).

21.   Deny, except admit that Young had anterior cervical diskectomies at C6-7 and C5-6 on April 28, 2006 and that Young continued to receive LTD benefits at that time.  (0576).

22.   Admit.

23.   Deny that this evidence is part of the administrative record, but admit that the document notes that Young is a "high wage earner."

24.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement. (Affirmation of Scott M. Riemer ("Riemer Aff."), dated February 10, 2011, Ex. "I"; Declaration of Jeffrey B. O'Polka ("O'Polka Dec."), dated February 24, 2011).

25.    Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that Young had radiofrequency lesioning procedures on December 7, 2007, January 9, 2008 and April 8, 2008.

26.    Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

27.    Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that according to the Summary Detail Report note recorded by Joseph Ross ("Ross"), a Hartford Ability Analyst, Young related subjective complaints of headaches and of numbness and tingling in her right hand on July 31, 2008. (079-80)

28.    Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that Ross referred Young's file to Hartford's Special Investigation Unit on the basis that "CLMT report of limited ROM of neck and head due to pain and advises not able to drive during May MS call.  CLMT reports of returning from trip; CLMT resides in NY and recently visits relatives in PA and current treating AP is in PA."  (0386).

29.    Admit that the Statement correctly quotes portion of the entry and refer the Court to the remainder of the quoted portion, which states "The claimant's residence is also not conducive to surveillance." (1314).

30.    Admit.

31.    Admit.

32.    Deny except admit that the August 6, 2008 and the February 27, 2008 Attending Physician's Statements ("APS") list the same functional capacities.  (0375-76, 0431-32).

5

33.   Deny.  (0076-78).

34.   Admit that Young correctly quotes portions of the analysis set forth in Summary Detail Report entry entered by Ross, and refer the Court to entire entry which states that he needs to "determine if medical supports CLMT R/L as well as fx impairment that prevents CLMT from RTW at full time status."  (0078).

35.   Deny, except admit that Plaintiff correctly quotes the portion of the opinion of Barbara T. Phelps ("Phelps"), a Hartford Medical Clinical Case Manager, and refer the Court to remaining portion of the opinion contained in the Summary Detail Report.  (0077).

36.   Deny except admit that Phelps relied on all of the medical records in the claim file, including the APSs and Dr. Hiesiger's office notes.  (0076-77).

37.   Deny, except admit that Phelps noted that Young complained of headaches "3-4x a week" and that she had an upcoming appointment with her attending physician next week.  (0076).

38.   Admit.

39.   Admit.

40.   Defendants object to this Statement on the grounds that it is not a short and concise statement.  Subject to and without waiving the foregoing objection, Defendants deny the Statement. (0367).

41.   Admit.

42.   Deny and state that Ross requested that Dr. Hiesiger provide medical records by August 13, 2008.  (0226)

43.   Admit.

44.   Deny and state that the August 27, 2008 letter was sent to the address that Young had designated pursuant to written instruction dated May 5, 2005.  (0964).

45.   Deny as stated and state that the entry in the Summary Detail Report provides:

ER called regarding letter received on CLMT claim being clos ed. E R expressed concern since this happened around the same time CLMT was let go and CLMT benefits are pendent upon her LTD claim. ER wanted to be assured that this was only a coincident that LTD was term along with being let go in the same month. ER inquired if the most current medical was used to determine this.

AA advised ER that the claim is based on the most current medical available and advised ER that the letter sent to the CLMT advises CLMT of how this decision was reached as well as CLMT[' s] right to appeal . ER expressed thanks for AA time.

(0073).

46.   Deny. (0072).

47.   Admit.

48.   Admit.

49.   Deny, except admit that Dr. Hiesiger's office visit note dated August 8, 2008 recorded only that Young had subjective complaints of headaches. (0341).

50.   Deny. (0339-40).

51.   Deny. (0339-40).

52.   Deny, except admit that Dr. Hiesiger stated that he was sending Young to Dr. "Mauskopf" and had an appointment scheduled on October 14, 2008. (0340).

53.   Deny that this evidence is part of the administrative record and that there is any evidence in the administrative record demonstrating that Young treated with Dr. Mauskop, except as noted in the report of Leonid Topper, M.D. (0318).

54.   Deny. (0337-38).

55.   Deny, except admit that the information Young claimed to have left for Ross on or about August 10, 2008 contradicted statements in Ross's August 27, 2008 letter. (0337-38, 0076-79).

56.   Admit. (0220).

57.    Deny, except admit that the appeal review and file plan completed by Juan Mendez ("Mendez"), the Hartford Appeal Specialist, recorded receipt of Dr. Hiesiger's letter dated October 6, 2008.  (0070).

58.    Deny, except admit that the appeal review and file plan completed by Mendez noted that he reviewed Dr. Hiesiger's August 8, 2008 office visit note in which he recorded Young's subjective complaint of headaches.  (0070, 0341).

59.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and incorrectly assumes that Mendez had an obligation to obtain medical records that Plaintiff was required to submit pursuant to governing law as well as the Plan terms.  Subject to and without waiving the foregoing objection, Defendants deny the Statement.  (0026).

60.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and incorrectly assumes that Mendez had an obligation to speak with Young's purported treating doctor — Dr. Mauskop — who admittedly first saw Young no earlier than six weeks after the relevant time-period.  Subject to and without waiving the foregoing objection, Defendants deny the Statement.  (0318, 0340).

61.    Admit.  (0070, 0332-33).

62.    Deny, except admit that the referral form requested the medical peer reviewing consultant to contact Young's treating physician, Emile Hiesiger, M.D.  (0332-33).

63.    Deny.  (0318-22).

64.    Deny and state that the letter dated December 3, 2008 states "[w]e anticipate making a decision within the next 45 days."  (0326).

65.    Admit.

66.    Deny.  (0318).

8

67.    Deny and state that the documents cited refer to a radiofrequency lesioning procedure performed in January 9, 2008—not December 9, 2008. (0414-17).

68.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and incorrectly assumes that Mendez was required to send a confirming letter to Dr. Hiesiger regarding his conversation with Dr. Topper on December 8, 2008 and state that Mendez advised both Dr. Hiesiger and Young that Dr. Topper would communicate with Dr. Hiesiger in advance of his call. (0216-17, 0318).

69.    Admit.

70.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and deny that Dr. Topper had an obligation to interview, examine or observe Young in order to perform a medical record peer review. (0318-22). Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit that Dr. Topper found that Young could perform "light level of work," which by definition, includes "sedentary" work, such as Young's regular occupation. (0321).

71.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and deny that Dr. Topper had an obligation to interview, examine or observe Young in order to perform a medical record peer review. (0318-22). Subject to and without waiving the foregoing objection, Defendants deny the Statement and further state that Young did not claim any restrictions and limitations based on a cognitive impairment nor did she identify any treatment for such condition during the relevant period of time, but admit that Dr. Topper found Young able to perform light level work on a full-time basis. (0375-76).

72.     Deny the Statement as stated and further deny that Young ever provided treatment or medical records from Dr. Mauskop or even identify him as a treating physician during the relevant time-period in question (i.e., prior to August 30, 2008), except admit that Dr. Topper did not speak with Dr. Mauskop concerning Young.  (0318, 0339-40).

73.     Deny and state that Dr. Topper's report states that "Dr. Hiesiger indicates that both he and Dr. Mauskop[ ] could not fit the claimant's headaches into any recognizable category." (0318).

74.     Admit.

75.     Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and deny that Mendez had an obligation to request that Dr. Hiesiger transcribe his notes or that Dr. Topper was "unable to read the notes," since he only described the notes as "hard[ ] to read" — not illegible.  Defendants further state that Dr. Hiesiger provided a written letter dated October 6, 2008 setting forth his conclusions and findings and Dr. Topper spoke with Dr. Hiesiger on December 8, 2008, making a need for transcribed notes immaterial.  Subject to and without waiving the foregoing objection, Defendants deny the Statement.  (0318, 0339-40).

76.     Defendants object to the Statement on the grounds that it does not refer to any admissible evidence.  Subject to and without waiving the foregoing objection, Defendants admit the Statement, but deny that it is material because the Plan does not require that an independent medical exam be done. (0026).

77.     Defendants object to the Statement on the grounds that it does not refer to any admissible evidence.  Subject to and without waiving the foregoing objection, Defendants admit the Statement, but deny that it is material because the Plan does not require that an functional capacity evaluation be done. (0026).

78.    Deny, except admit that Mendez sent the December 18, 2008 letter upholding Hartford's initial denial of Young's claim for continuing LTD benefits and that Plaintiff correctly quotes the portion of the letter it references.  (0213).

79.    Admit that Plaintiff correctly quotes from a portion of a paragraph of Mendez's letter relaying the information he was provided regarding Dr. Topper and Dr. Hiesiger on December 8, 2008.  (0212).

80.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and deny that Mendez had an obligation to obtain and review documents that Young did not provide in support of her administrative appeal.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that Mendez made his determination based on the totality of evidence currently in the file.  (0213).

81.    Deny, because Plaintiff incorrectly quotes the referenced portion of Mendez's December 18, 2008 letter, and refer the Court to the actual document for the correct text.  (0212).

82.    Deny.  (1055-56).

83.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and deny that either one of the points she raises is probative of any material fact.  Subject to and without waiving the foregoing objections, Defendants deny the Statement and state that Dr. Topper's report advises that he is "Board Certified In Neurology" and is licensed to practice in New Jersey and New York.  (0322).

84.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity and incorrectly assumes facts that are incorrect.   Subject to and without waiving the foregoing objections, Defendants deny the Statement to the extent it suggests that Hartford found Dr. Topper unqualified to render medical record peer review opinions based on the grounds that his clinical practice is primarily concerned with pediatric neurology.  (*See* Declaration of Barbara S. Campbell dated February 23, 2011).

85.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record, except admit the accuracy of the Statement.

86.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record, except admit the accuracy of the Statement

87.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record to demonstrate a purported procedural irregularity.   Subject to and without waiving the foregoing objections, Defendants deny the Statement to the extent Plaintiff insinuates that Mendez testified that he would always consider evidence submitted after the administrative appeal, when his testimony clearly establishes that he stated that he would consider all evidence submitted "during the appeal," but admits that Mendez considered all evidence submitted during Young's appeal.  (Riemer Aff., Ex. "D," T. 52:14-22).

88.    Defendants object to the Statement on the grounds that it does not refer to any admissible evidence.  Subject to and without waiving the foregoing objections, Defendants deny the Statement as Mendez's December 3, 2008 letter did not advise Young that she could submit evidence to Hartford up to forty-five days from the date of the letter.  (0215).

89.     Defendants object to the Statement on the grounds that it does not refer to any admissible evidence.  Subject to and without waiving the foregoing objections, Defendants deny the Statement as Ross's letter states that "[i]f you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one hundred eighty (180) days from receipt of this letter."  (0367).

90.     Defendants object to the Statement on the grounds that it does not refer to any admissible evidence.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, which is actually a legal argument that is contradicted by applicable law.

91.     Defendants object to this Statement on the grounds that it is not a short and concise statement.  Defendants object to the Statement on the grounds that it is not material and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that Young requested a copy of her claim file and policy document.  (0066).

92.     Defendants object to the Statement on the grounds that it is not material and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that it received a letter dated April 17, 2009 from Dr. Mauskop, which was five months after Young's administrative appeal was decided and the administrative record was closed.   (0204, 0210-14).

93.     Defendants object to the Statement on the grounds that it is not material and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that it received a letter dated April 17, 2009 from Dr. Mauskop, which was five months after Young's administrative appeal was decided and the administrative record was closed.   (0204, 0210-14).

94.     Deny and refer the Court to the April 27, 2009 letter.  (0204).

95.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

96.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

97.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

98.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

99.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

100.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

101.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

102.    Young's Rule 56.1 Statement does not contain a paragraph number for this corresponding paragraph.

103.    Defendants object to the Statement on the grounds that it does not refer to any admissible evidence and is instead, baseless slander that is demonstrably false.  Subject to and without waiving the foregoing objections, Defendants deny the Statement.

104.    Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that the portions quoted are from a more substantial paragraph of comments and that the quoted portion is correctly quoted, but taken out of context.  (Riemer Aff., Ex. "A," 1345).

105.   Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objection, Defendants deny the Statement, except admit **REDACTED** Riemer Aff., Ex. "A," 1349).

106.   Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants admit the Statement.

107.   (1)[2] Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objection, Defendants admit that Plaintiff correctly quoted the cited portion of **REDACTED**

107.   (2) Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

108.   (1)[3] Defendants object to the Statement on the grounds that it is not material and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, **REDACTED** (Riemer Aff., Ex. "A," 1638).

---

[2] Young has two Statements Numbered "107."

[3] Young has two Statements Numbered "108."

108.   (2) Defendants object to the Statement on the grounds that it is not material and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants admit Plaintiff correctly quoted a portion of ███████ REDACTED ███████ ███████████████████ (Riemer Aff., Ex. "B," 1386-87).

109.   Defendants deny the Statement that Phelps's opinion differed from Young's treating doctor's opinion at the relevant time.  (*Compare* 376 *with* 0076-77).

110.   (1)[4] Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that the portions quoted are from a more substantial paragraph of comments and the quoted portion is correctly quoted although taken out of context and refers to "return to work" with respect to rehabilitation case management, which is not related to any issue in this litigation.  (Riemer Aff., Ex. "B," 1415; *See* Declaration of Jeffrey B. O'Polka dated February 24, 2011).

111. (1)[5] Defendants object to the Statement on the grounds that it is not material or relevant and that relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement.  (Riemer Aff., Ex. "B," 1415).

110.      (2) Defendants object to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objection, Defendants deny the Statement.

---

[4] Young has two Statements numbered "110."

[5] Young has two Statements numbered "110."

111. (2) Defendants object to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objection, Defendants deny the Statement and ████████ REDACTED ████████ ████████████████████████████████████████████████ (Riemer Aff., Ex. "D," T. 30:7-9).

112. Defendants object to the Statement on the grounds that it relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objection, Defendants ███ REDACTED ███ ████████████████████████████████████████ ████████████████████████ (Riemer Aff., Ex. "C," 1372).

113. Defendants object to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objections, Defendants admit the Statement.

114. Defendants object to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objections, Defendants admit the Statement.

115. Defendants object to the Statement on the grounds that it is not material or relevant and relies on evidence outside of the administrative record. Subject to and without waiving the foregoing objections, Defendants admit the Statement.

116. Defendants object to the Statement on the grounds that it is not material or relevant and that it relies on evidence outside of the administrative record. Defendants object to the Statement on the grounds that it does not refer to any admissible evidence and is an inaccurate statement of law and not one of fact. Subject to and without waiving the foregoing objections, Defendants deny the Statement and refer the Court to the numerous cases in which courts have accepted Dr. Topper's reports. *See Finley* v. *Hartford Life & Acc. Ins. Co.*, No. 09-17778, 2010 WL 4116636, *2 (9th Cir. Oct. 19,

2010) (finding that Hartford properly accepted Dr. Topper's opinion, along with the other physicians); *Ball* v. *Standard Ins. Co.*, No. 09 C 3668, 2010 WL 2024082, *10 (N.D. Ill. May 17, 2010) (finding that Dr. Topper's opinion was not outside of the area of his expertise); *Wummel* v. *Metropolitan Life Ins. Co.*, No. 09-14301, 2010 WL 2232431, *12 (E.D. Mich. May 28, 2010) (granting summary judgment to insurance company finding that Dr. Topper's report supported the insurance company's decision); *Farina* v. *Temple Univ. Health Syst. Long Term Disability Plan*, No. 08-2473, 2009 WL 1172705, *15 (E.D. Pa. Apr. 28, 2010) (finding that Dr. Topper's report regarding the medical records supported a finding that the plaintiff could not perform her occupation); *Navarra* v. *Vaca*, 18 Misc.3d 1115(A), 856 N.Y.S.2d 499 (N.Y. Sup. Ct. Richmond County 2008) (finding that Dr. Topper's opinion along with other doctors' opinion created *prima facie* evidence that the plaintiff did not suffer a "serious injury").

117.  Defendants object to the Statement on the grounds that it is not material or relevant and that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement, except admit that Dr. Topper performed 86 medical record reviews for Hartford in 2008 and MES billed Hartford $88,121 for his services and Dr. Topper performed 110 medical record reviews for Hartford in 2010 and MES billed Hartford $113,983 for his services.  (Riemer Aff., Ex. "F," p. 11).

118.  Defendants object to the Statement on the grounds that it is not material or relevant and that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objections, Defendants deny the Statement.  (Riemer Aff., Ex. "F," p. 23).

119.  Defendants object to the Statement on the grounds that it is not material or relevant and that it relies on evidence outside of the administrative record.  Subject to and without waiving the foregoing objection, Defendants admit the Statement.

Dated:  New York, New York
        February 25, 2011

                              Respectfully submitted,
                              SEDGWICK, DETERT, MORAN & ARNOLD LLP
                              s/ _____
                              MICHAEL H. BERNSTEIN (MB 0579)
                              JOHN T. SEYBERT (JS 5014)
                              125 Broad Street, 39th Floor
                              New York, New York 10004-2400
                              (212) 898-4028
                              *Attorneys for Defendants*
                              *Hartford Life Group Insurance Company* and
                              *Continental Casualty Company*
                              125 Broad Street, 39th Floor
                              New York, New York 10004-2400
                              Telephone: (212) 422-0202

## <u>CERTIFICATE OF SERVICE</u>

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANTS' COUNTER STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT**

was served via ECF on this 25th day of February, 2011, upon the following:

Scott M. Riemer, Esq.
Riemer & Associates
60 East 42nd Street, Suite 1750
New York, NY 10165


                                              s/_____
                                              JOHN T. SEYBERT (JS 5014)

Dated:      New York, New York
            February 25, 2011