UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUSAN A. YOUNG,　　　　　　　　　　　　　　Civ. Act. No.: 09-CV-9811 (RJH)

　　　　　　　　　　Plaintiff,

　　-against-

HARTFORD LIFE AND ACCIDENT　　　　　　　DOCUMENT
INSURANCE COMPANY and CONTINENTAL　　ELECTRONICALLY FILED
CASUALTY COMPANY,

　　　　　　　　　　Defendants.
----------------------------------------------------------X

# DEFENDANTS HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and CONTINENTAL
CASUALTY COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
　　*Of Counsel*

NY/654984v1

## **TABLE OF CONTENTS**

                                                                                      Page

TABLE OF AUTHORITIES ................................................................................................ ii

**PRELIMINARY STATEMENT** ......................................................................................... 1

**ARGUMENT** ...................................................................................................................... 2

      POINT I

    THIS COURT MAY NOT CONSIDER YOUNG'S IMPROPER
    EXTRA-RECORD SUBMISSION .................................................................................. 2

**CONCLUSION** ................................................................................................................... 4

CERTIFICATE OF SERVICE ................................................................................ ATTACHED

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bergquist* v. *Aetna U.S. Healthcare*,
  289 F. Supp. 2d 400 (S.D.N.Y. 2003)..................................................................................3

*Cohen* v. *Metropolitan Life Ins. Co.*,
  485 F. Supp.2d 339 (S.D.N.Y. 2007)....................................................................................3

*Conkright* v. *Frommert*,
  130 S.Ct. 1640 (2010);................................................................................................... 2, 3

*Firestone Tire and Rubber Co.* v. *Bruch*,
  489 U.S. 101 (1989)..............................................................................................................2

*Geiger* v. *Alstom Signaling Inc.*,
  No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010).......................................2

*Grimes* v. *Prudential Financial, Inc.*,
  No. 09-419 (FLW), 2010 WL 2667424 (D.N.J June 29, 2010)..............................................3

*Hobson* v. *Metropolitan Life Ins. Co.*,
  574 F.3d 75 (2d Cir. 2009) ...................................................................................................2

*Kindig* v. *Anthem Life Ins. Co.*,
  No. 07-cv-6282 (CJS), 2009 WL 909632 (W.D.N.Y. Mar. 31, 2009) ...................................3

*King* v. *Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*,
  No. 01-cv-2604(ILG), 2003 WL 22071612 (Sept. 5, 2003 E.D.N.Y.)....................................4

*Magee* v. *Metropolitan Life Ins. Co.*,
  No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009)................................2

*Metropolitan Life Ins. Co.* v. *Glenn*,
  554 U.S. 105 S.Ct. 2343 (2008)............................................................................................2

*Miller* v. *United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995) .................................................................................................2

*Muller* v. *First Unum Life Ins. Co.*,
  341 F.3d 119 (2d Cir. 2003) .................................................................................................2

*Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*,
  559 F.3d 140 (2d Cir. 2009) .................................................................................................3

*Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*,
  No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ..................................................................2

*Salute* v. *Aetna Life Ins. Co.*,
  No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ....................................3

## **Statutes**

Employee Retirement Income Security Act of 1974,
  29 U.S.C. §1001, et seq. ("ERISA") ..................................................................................................1

Fed. R. Civ. P. 37(c) ................................................................................................................................1

Fed. R. Civ. P. 56(e) ................................................................................................................................1

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of Defendants Hartford Life And Accident Insurance Company ("Hartford") and Continental Casualty Company's ("CCC") motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., striking plaintiff Susan A. Young's ("Young") improper extra-record submission consisting of a letter dated April 17, 2009 signed by Alexander Mauskop, M.D. and addressed to Juan Mendez, the Appeals Specialist at Hartford who decided Young's appeal on December 18, 2008, in which he purports to belatedly challenge the basis for Hartford's denial of Young's claim for continuing LTD benefits. Young submits the April 17, 2009 letter, which was prepared five months after her appeal was decided, as "proof" of her purported disability that Hartford should have considered in deciding her claim. But Hartford could not have considered this "proof" because it did not exist when it made its final determination on her claim on December 18, 2008. It is therefore not part of the administrative record and has been improperly submitted to this Court. For this reason as well as those set forth more fully below, this Court should strike Young's extra-record submission.

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") in which Young claims that Hartford's denial of her claim for continuing long-term disability ("LTD") benefits under the Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") Group Disability Income Insurance Plan (the "Plan") was arbitrary and capricious. Young concedes in her motion that the Plan grants discretionary authority to Hartford (as successor-in-interest to CCC) to determine participants' benefit claims. Accordingly, under well-settled Second Circuit controlling authority, this Court may not consider evidence outside of the administrative record. The April 17, 2009 letter is undeniably outside of the administrative record because it was prepared five months after Young's claim was fully and finally determined and therefore, the Court may not consider this document. Furthermore, the Court may not consider the April 17, 2009

letter for the additional reason that Young failed to even identify it in her initial disclosures in violation of FRCP Rule 26(a).

## ARGUMENT

## POINT I

### THIS COURT MAY NOT CONSIDER YOUNG'S IMPROPER EXTRA-RECORD SUBMISSION

The Plan vests Hartford (as successor-in-interest to CCC) with "sole discretionary authority . . . to determine *Your* eligibility for benefits and to interpret the terms and provisions of the Policy." (0032).[1] When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must review its decision with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989). It is well settled that when performing this review, the Court must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claims administrator at the time it made its final benefit determination. *See Richard* v. *Fleet Fin. Group Inc. LTD Employee Benefits Plan*, No. 09-2284-cv, 2010 WL 625003, *2 (2d Cir. Feb. 24, 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343 at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL

---

[1] The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "YOUNG 00__," which are annexed to the Declaration of Juan Mendez dated February 10, 2011("Mendez Dec.") as Exhibits "A" through "C."

2

1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

In this case, Young did not attempt to submit the April 17, 2009 letter to Hartford until *five months after it had made its final determination on her claim.* When Hartford received the letter, it was promptly returned to the sender, Dr. Mauskop. In Hartford's letter to Dr. Mauskop dated April 27, 2009, returning his April 17, 2009 letter, Hartford stated:

> Hartford's final appeal decision was made on 12/18/2008. That decision was based on a complete and final claim file. Therefore, the administrative remedies provided by ERISA and the policy have been exhausted. There are no provisions for additional appeals or re-opening the claim file after the final appeal determination.

(0204). Accordingly, the April 17, 2009 letter, was obviously not in existence when Hartford made its final determination on Young's claim and therefore is not part of the administrative record to be considered by this Court.

Based on the foregoing controlling case law, Young's extra-record submission cannot be considered in connection with the parties' respective dispositive motions because the Court is not free to accept and review such extra-record materials that were not made available for Hartford to consider before it rendered its final claim determination on Young's administrative appeal. *See Conkright*, 130 S.Ct. at 1646; *see also Grimes* v. *Prudential Financial, Inc.*, No. 09-419 (FLW), 2010 WL 2667424, *1 (D.N.J June 29, 2010); *Kindig* v. *Anthem Life Ins. Co.*, No. 07-cv-6282 (CJS), 2009 WL 909632, *7 (W.D.N.Y. Mar. 31, 2009); *see also Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because Court could not review additional extra-record evidence); *Cohen* v. *Metropolitan Life Ins. Co.*, 485 F. Supp.2d 339, 353 (S.D.N.Y. 2007) (same). Consequently, the Court should strike Exhibit "G" to the Affirmation of Scott M. Riemer dated February 10, 2011 (Doc. No. 34) since it is not part of the administrative record to be reviewed.

Furthermore, this submission should be stricken on the additional grounds that Young never even identified the April 17, 2009 letter in her discovery responses. *See* FED. R. CIV. P. 37(c)(1); *King* v.

3

*Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, No. 01-cv-2604(ILG), 2003 WL 22071612 (Sept. 5, 2003 E.D.N.Y.).  Specifically, Young's Rule 26(a) Disclosure Statement did not identify or attach a copy of this letter and it was also never produced by her in discovery. (Declaration of Michael H. Bernstein dated February 25, 2011, Ex. "1").

Accordingly, this Court should strike Exhibit "G" to the Attorney Riemer's Declaration because it is an improper, extra-record submission that this Court may not consider on an administrative record review of Young's ERISA benefit claim and because it was not disclosed in discovery.

## CONCLUSION

For the foregoing reasons, this Court should strike Exhibit "G" to the Affirmation of Scott M. Riemer.

Dated:  New York, New York
        February 25, 2011

                                        Respectfully Submitted,

                                        s/_____
                                        Michael H. Bernstein (MB 0579)
                                        John T. Seybert (JS 5014)
                                        SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                        *Attorneys for Defendants*
                                        HARTFORD LIFE AND ACCIDENT
                                        INSURANCE COMPANY and CONTINENTAL
                                        CASUALTY COMPANY
                                        125 Broad Street, 39th Floor
                                        New York, New York 10004-2400
                                        Telephone: (212) 422-0202

5

## CERTIFICATE OF SERVICE

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION** was served via ECF on this 25th day of February, 2011, upon the following:

> Scott M. Riemer Esq.
> Riemer & Associates
> 60 East 42nd Street, Suite 1750
> New York NY 10165
> Business E-mail:  sriemer@riemerlawfirm.com

s/_____
JOHN T. SEYBERT

Dated:   New York, New York
         January 7, 2011

5