Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SUSAN A. YOUNG,                                      09 CV 9811 (RJH) (THK)

                       Plaintiff,

      -against-

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY and CONTINENTAL
CASUALTY COMPANY,

                       Defendant.
-----------------------------------------------------------------X


**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE EXHIBIT G
TO THE AFFIRMATION OF SCOTT M. RIEMER**


Of Counsel:

Scott M. Riemer

PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of Plaintiff Susan A. Young's ("Young") opposition to Defendants Hartford Life and Accident Insurance Company and Continental Casualty Company's ("Hartford") motion to strike Young's submission of Exhibit G to the Affirmation of Scott M. Riemer, which is Dr. Alexander Mauskop's report dated April 17, 2009 ("Dr. Mauskop's Report").

Hartford's only argument is that the Court ordinarily does not consider any evidence outside the administrative record. In doing so, Hartford, overlooks that the Court has discretion to consider evidence outside the administrative record upon a showing of "good cause." Furthermore, even if a party fails to disclose pursuant to Fed. R. Civ. P. 26(a), Rule 37(c) permits a party to use at trial or in a motion the documents, information or witnesses, if the party had "'substantial justification' or the failure was harmless."

Here, Dr. Mauskop's Report is unquestionably part of the administrative record because Hartford was given a fair opportunity to consider it, more than <u>seven months</u> prior to filing the instant lawsuit. Even if *arguendo*, Dr. Mauskop's Report is not part of the administrative record, Young demonstrates that there is good cause for the Court to consider Dr. Mauskop's Report because: (1) Hartford's conflict of interest is at issue; and (2) Hartford denied Young a full and fair review as mandated by ERISA. Furthermore, pursuant to Rule 37(c) the Court may consider Dr. Mauskop's Report because the failure to disclose was harmless.

Therefore, the Court should deny Hartford's motion to strike Exhibit G to the Affirmation of Scott M. Riemer.

ARGUMENT

I. DR. MAUSKOP'S REPORT IS UNQUESTIONABLY PART OF THE ADMINISTRATIVE RECORD

The administrative record "consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *See, e.g., Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, 581 F. Supp.2d 403, 408 (E.D.N.Y. 2008), *citing, Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 300 (5th Cir. 1999).

Here, Dr. Mauskop submitted his report to Hartford on April 17, 2009, over seven months prior to the filing of the instant lawsuit. Hartford's Disability Claim System ("DCS") recognized that it received Dr. Mauskop's Report on April 27, 2009. (66). Hartford, however, chose to ignore the report.[1] Without giving any consideration to the content of the report, it was returned to Dr. Mauskop on the same day on the basis that "there are no add[itional] appeals or provisions to re-open the claim file." *Id*. Therefore, though Hartford chose to ignore Dr. Mauskop's Report, it is unquestionably part of the administrative record because Hartford was given a "fair opportunity to consider it."

II. EVEN IF, *ARGUENDO*, DR. MAUSKOP'S REPORT WERE NOT PART OF THE ADMINISTRATIVE RECORD, THE COURT MAY CONSIDER THE REPORT

Under the arbitrary and capricious standard, the district court's review is ordinarily

---

[1] Hartford asserts that Dr. Mauskop's Report was provided 5 months after the final determination was made. Hartford, however, was fully aware that Young's first appointment with Dr. Mauskop was on October 14, 2008. (318, 322). Despite this knowledge, Hartford never attempted to obtain medical records from or contact Dr. Mauskop to resolve the discrepancy between Dr. Topper and Hiesiger's opinion regarding Young's migraines. For reasons unexplained, Dr. Topper obtained information concerning Dr. Mauskop's course of treatment for Young's migraines via an alleged telephone conversation with Dr. Hiesiger, rather than contacting Dr. Mauskop directly. (318).

limited to the administrative record. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). Contrary to Hartford's assertion, the decision whether to admit additional evidence, where, as here, the plan administrator is conflicted (*i.e.*, Hartford was both the plan administrator and insurer), is within the discretion of the district court. *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 66 (2d Cir. 1997). Nonetheless, the presumption is that judicial review "is limited to the record in front of the claims administrator <u>unless</u> the district court finds good cause to consider additional evidence." *DeFelice,* 112 F.3d at 67 (emphasis added). *Cook v. N.Y. Times Co. Long Term Disability Plan*, 2004 U.S. Dist. LEXIS 1259, *60-61 (S.D.N.Y. Jan. 30, 2004)(Lynch, J.), *citing DeFelice,* 112 F.3d at 66 (explaining that "plaintiffs are utterly helpless against the whim of the conflicted body's interpretation of the facts").

Here, Hartford asserts that it is "well settled" that the Court must not consider any evidence outside the administrative record. (Hartford's Motion to Strike, p. 2). Hartford, however, overlooked the "good cause" exception, which permits the Court to consider evidence outside the administrative record.

### III. YOUNG DEMONSTRATES GOOD CAUSE TO CONSIDER DR. MAUSKOP'S REPORT

#### A. HARTFORD'S CONFLICT OF INTEREST IS AT ISSUE

There is good cause to consider Dr. Mauskop's Report because Hartford's conflict of interest is at issue. Young submitted Dr. Mauskop's Report to demonstrate that: (1) there was a discrepancy between Dr. Topper's account of a telephone conversation he had with Dr. Hiesiger regarding Young's disabling migraines (including Dr. Mauskop's course of treatment); and (2) the Appeal Specialist inexplicitly failed to obtain medical records from Dr. Mauskop despite his knowledge that Young had been undergoing treatment since October 14, 2008.

First, Young submitted Dr. Mauskop's Report because it attacks the credibility of Dr. Topper, the peer reviewer Hartford relied on to uphold the termination of Young's benefits, which is directly relevant to Hartford's conflict of interest. *See, e.g., Cook*, 2004 U.S. Dist. LEXIS 1259 at *61 (admitting evidence that "is relevant to the credibility of the sole evidence in the record that contravenes the nearly unanimous findings of her treating physicians").

Second, Dr. Mauskop's Report also questions the credibility of the Appeal Specialist, an employee of Hartford, which is also directly relevant to Hartford's conflict of interest. As discussed *supra*, the Appeal Specialist failed to obtain Dr. Mauskop's medical records despite his knowledge that Young was undergoing treatment for migraines with the doctor.

### B.  HARTFORD DENIED YOUNG A FULL AND FAIR REVIEW

There is good cause to consider Dr. Mauskop's Report because Young was denied a full and review as mandated by ERISA. In order to comply with ERISA's mandate of a full and fair review, plans providing disability benefits must: "[p]rovide claimants the opportunity to provide written comments, documents, records, and other information relating to the claim for benefits," 29 C.F.R. 2560.503-1(h)(2)(ii), . . . and "provide for a review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim without regard to whether such information was submitted or considered in the initial benefit determination," 29 C.F.R. § 2560.503-1(h)(2)(iv).

Hartford failed to comply with ERISA's full and fair review mandate. *Solomon v. Metropolitan Life Ins. Co.,* 628 F. Supp.2d 519, 533 (S.D.N.Y. 2009) (finding that the claimant was not afforded a full and fair review as mandated by ERISA where the claimant was not provided access to the doctor's report that served as the basis for the plan's denial of benefits until after the plan made its final decision); *Salomaa v. Honda Long Term Disability Plan*, 2011

U.S. App. LEXIS 4386, at *35-37 (9th Cir. Mar. 7, 2011) (same); *Abram v. Cargill, Inc.*, 395 F.3d 882, 886 (8th Cir. 2005) (same).

Similarly, Hartford did not inform Young of Dr. Topper's assertion that her headaches did not fall under any recognized classification, which served as the basis of the denial of her claim, until the December 18, 2008 final denial letter.  As a result, Young did not have the opportunity to submit a rebuttal to Dr. Topper's Peer Review Report.

Therefore, the Court should consider Dr. Mauskop's Report because Young demonstrated that she was not afforded a full and fair review as mandated by ERISA.

### IV.     DR. MAUSKOP'S REPORT IS ADMISSIBLE PURSUANT TO RULE 37(C)

Fed. R. Civ. P. 37(c) further supports that Dr. Mauskop's Report is admissible.  Rule 37(c) permits a party to use at trial or in a motion the documents, information or witnesses, if the party had "'substantial justification' or the failure was harmless."

Hartford merely asserts that the Court should not consider Dr. Mauskop's Report because:  1) the report was not available when Hartford made its determination to terminate Young's claim; and 2) the report was not part of the administrative record.  Hartford, however, never asserts that the failure to disclose Dr. Mauskop's Report pursuant to Rule 26(a) was harmful.  Hartford should not have been taken by complete surprise because Dr. Mauskop was disclosed as a witness who may have discoverable information regarding the case in Young's 26(a) initial disclosure statement. (Ex. A).

### CONCLUSION

For the foregoing reasons, this Court should deny Hartford's motion to strike Exhibit G to the Affirmation of Scott M. Riemer.

Dated: New York, New York
March 11, 2011

Respectfully submitted,

_/s/ Scott M. Riemer_____
Scott M. Riemer (SR 5005)
RIEMER & ASSOCIATES, LLC
60 East 42nd Street, Suite 1750
New York, New York 10165
(212) 297-0700
sriemer@riemerlawfirm.com

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 11, 2011 I served a true and complete copy of the foregoing Memorandum of Law in opposition to Hartford's Motion to Strike by transmitting the same by electronic mail to the following individuals at the e-mail addresses indicated:

Michael H. Bernstein
Sedgwick Detert Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel.: (212) 422-0202
Fax: (212) 422-0925
*Attorneys for Defendant*
*Hartford Life Group Insurance Company*

I also certify that this document filed through the ECF system will be sent electronically to all registered participants on March 11, 2011.

Dated: New York, New York
      March 11, 2011

                                                /s/Scott M. Riemer
                                                Scott M. Riemer (CT28517)
                                                RIEMER & ASSOCIATES LLC
                                                60 East 42nd Street, Suite 1750
                                                New York, New York  10165
                                                (212) 297-0700