UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUSAN A. YOUNG,                                               Civ. Act. No.: 09-CV-9811 (RJH)

                Plaintiff,

     -against-

HARTFORD LIFE AND ACCIDENT                                    DOCUMENT
INSURANCE COMPANY and CONTINENTAL                             <u>ELECTRONICALLY FILED</u>
CASUALTY COMPANY,

                Defendants.
-------------------------------------------------------------X

---

**DEFENDANTS HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY
AND CONTINENTAL CASUALTY COMPANY'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION**

---

                            SEDGWICK, DETERT, MORAN & ARNOLD LLP
                            Attorneys for Defendants
                            HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND
                            CONTINENTAL CASUALTY COMPANY
                            125 Broad Street, 39th Floor
                            New York, New York 10004-2400
                            Telephone: (212) 422-0202
                            Facsimile: (212) 422-0925

Michael H. Bernstein
John T. Seybert
    *Of Counsel*

NY/659382v1

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    POINT I:

    YOUNG'S IMPROPER EXTRA-RECORD SUBMISSION
    IS NOT PART OF THE ADMINISTRATIVE RECORD .......................................... 2

    POINT II:

    THE "GOOD CAUSE" EXCEPTION FOR ALLOWING
    EXTRA-RECORD EVIDENCE IS INAPPLICABLE IN
    AN ARBITRARY AND CAPRICIOUS REVIEW ..................................................... 6

    POINT III:

    YOUNG'S ASSERTION THAT THE COURT SHOULD
    CONSIDER THE EXTRA-RECORD SUBMISSIONS FOR
    THE PURPOSE OF WEIGHING CONFLICT OF INTEREST
    IS INCORRECT ............................................................................................................ 9

    POINT IV:

    YOUNG'S EXTRA-RECORD SUBMISSION SHOULD BE
    STRICKEN BECAUSE IT WAS NOT IDENTIFIED IN
    DISCOVERY .............................................................................................................. 10

CONCLUSION ..................................................................................................................... 10

CERTIFICATE OF SERVICE ............................................................................................. 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allison* v. *Unum Life Ins. Co.*,
   No. 04-cv-0025 (JS) (WDW), 2005 WL 1457636 (E.D.N.Y. Feb. 11, 2005) ..................................... 4

*Bergquist* v. *Aetna U.S. Healthcare*,
   289 F. Supp.2d 400 (S.D.N.Y. 2003) ............................................................................... 3, 4, 7

*Black & Decker Disability Plan* v. *Nord*,
   538 U.S. 822 (2003) ............................................................................................................. 9

*Black* v. *Pitney Bowes Inc.*,
   No. 05 Civ. 108(GEL), 2008 WL 3992306 (S.D.N.Y. Aug 26, 2008) ...................................... 8

*Cohen* v. *Metropolitan Life Ins. Co.*,
   485 F. Supp.2d 339 (S.D.N.Y. 2007) .................................................................................. 4

*Cook* v. *N.Y. Times Co. Long Term Disability Plan*,
   No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004) ............................... 6, 7

*DeFelice* v. *American Int'l Assur. Co.*,
   112 F.3d 61 (2d Cir. 1997) ............................................................................................... 6, 7

*Durakovic* v. *Building Service 32 BJ Pension Fund*,
   609 F.3d 133 (2d Cir. 2010) .............................................................................................. 9

*Gaud-Figueroa* v. *Metropolitan Life Ins. Co.*,
   09-cv-1530(JCH), 2011 WL 572320 (D. Conn. Feb. 14, 2011) ........................................... 8

*Geiger* v. *Alstom Signaling Inc.*,
   No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010) ...................................... 6

*Greenberg* v. *Unum Life Ins. Co. of Am.*,
   No. CV-03-1396(CPS), 2006 WL 842395 (E.D.N.Y. Mar. 27, 2006) ............................... 6, 7

*Gugliemi* v. *Northwestern Mut. Life Ins. Co.*,
   No. 06 Civ. 3431(GEL), 2007 WL 1975480 (S.D.N.Y. Jul. 6, 2007) ..................................... 6

*Hobson* v. *Metropolitan Life Ins. Co.*,
   574 F.3d 75 (2d Cir. 2009) ................................................................................................. 9

*Kindig* v. *Anthem Life Ins. Co.*,
   No. 07-cv-6282 (CJS), 2009 WL 909632 (W.D.N.Y. Mar. 31, 2009) .................................... 4

*Lee* v. *Aetna Life Ins. Co.*,
   05 CIV. 2960(PAC), 2007 WL 1541009 (S.D.N.Y. May 24, 2007) ....................................... 6

*Locher* v. *Unum Life Ins. Co. of Am.*,
   389 F.3d 288 (2d Cir. 2004) .......................................................................................................7

*Magee* v. *Metropolitan Life Ins. Co.*,
   No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ...............................6

*Martin* v. *Hartford Life & Acc. Ins. Co.*,
   No. 09-cv-6617(CJS), 2011 WL 893221 (W.D.N.Y. Mar. 16, 2011) ....................................4

*Maskara* v. *First Unum Life Ins. Co.*,
   No. 03 Civ. 498(MHD), 2004 WL 1562722 (S.D.N.Y. Jul. 13, 2004) .............................. 3, 4

*Medoy* v. *Warnaco Employees' Long Term Disability Insurance Plan*,
   581 F.Supp.2d 403 (E.D.N.Y. 2008) ................................................................................ 3, 4

*Mehaj* v. *Building Serv. 32B-J Health Fund*,
   No. 04 Civ. 7613(LLS), 2005 WL 2030283 (S.D.N.Y. Aug. 23, 2005)..................................2

*Metzger* v. *Unum Life Ins. Co. Of Am.*,
   476 F.3d 1161 (10th Cir. 2007).................................................................................................8

*Miller* v. *United Welfare Fund*,
   72 F.3d 1066 (2d Cir. 1995) ..........................................................................................3, 5, 6, 7

*Nelson* v. *Unum Life Ins. Co. of Am.*,
   421 F.Supp.2d 558 (E.D.N.Y. 2006)
   *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007)..................................................................................3

*Nichols* v. *Prudential Life Ins. Co.*,
   406 F.3d 98 (2d Cir. 2005) .......................................................................................................5

*Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*,
   559 F.3d 140 (2d Cir. 2009) .....................................................................................................4

*Perezaj* v. *Building Serv. 32B-J Pension Fund*,
   No. CV-04-3768, 2005 WL 1993392 (E.D.N.Y. Aug. 17, 2005) ................................ 4, 6, 7

*Pylant* v. *Hartford Life & Acc. Ins. Co.*,
   No. 05-cv-0379-6, 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006)
   *aff'd* 497 F.3d 536(5th Cir.2007).........................................................................................9

*Salute* v. *Aetna Life Ins. Co.*,
   No. 04 CV2035 (TCP) (MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ....................7

*Sarosy* v. *Metropolitan Life Ins. Co.*,
   No. 94 Civ. 5431 (SHS), 1996 WL 426387 (S.D.N.Y. Jul. 30, 1996)............................... 4, 6

*Skipp* v. *Hartford Life Ins. Co.*,
   No. CCB-06-2199, 2008 WL 346107 (D. Md. Feb. 6, 2008)................................................8

*Varity Corp.* v. *Howe*,
  516 U.S. 489 (1996) .................................................................................................................5

*Vega* v. *National Life Ins. Servs.*,
  188 F.3d 287 (5th Cir. 1999) ....................................................................................................4

*Wiener* v. *Health Net Of Conn., Inc.*,
  No. 07 4651-cv, 2009 WL 427337 (2d Cir. Feb. 23, 2009) .....................................................3

*Wojciechowski* v. *Metropolitan Life Ins. Co.*,
  1 Fed. Appx. 77, 2001 WL 38264 (2d Cir. 2001) ....................................................................8

## Statutes

ERISA §502(a), 29 U.S.C. §1132(a) ................................................................................................6

FED. R. CIV. P. Rule 37(c) ..................................................................................................... 1, 10

FED. R. CIV. P. Rule 56(e) ............................................................................................................1

## Regulations

29 C.F.R.§2560.503-1(h) ...............................................................................................................5

29 C.F.R. §2560.503-1(h)(3)(i) ......................................................................................................5

29 C.F.R. §2560.503-1(j)(4) ...........................................................................................................5

NY/659382v1

**PRELIMINARY STATEMENT**

This reply memorandum of law is respectfully submitted in further support of Defendants Hartford Life And Accident Insurance Company ("Hartford") and Continental Casualty Company's ("CCC") motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., striking plaintiff Susan A. Young's ("Young") improper extra-record submission in support of her motion for summary judgment consisting of a medical report from Alexander Mauskop, M.D. dated April 17, 2009.  The administrative record for Young's claim closed five months earlier than the date of this report — on December 18, 2008 — when Hartford issued its final determination on her claim on administrative appeal.  Therefore, it is not part of the administrative record as a matter of law.

Young asserts in her opposition that Dr. Mauskop's letter is part of the administrative record because it was prepared and submitted before she commenced her action.  That assertion is incorrect as a matter of law.  Indeed, it is well-settled in the Second Circuit that a district court may not consider evidence that was not before a claims administrator that has been vested with discretionary authority when it rendered its final determination following the administrative appeal.  Young's opposition misleadingly cites inapposite holdings from cases where courts employed a *de novo* standard of review in order to support her argument that this Court may consider her proposed extra-record evidence.  But under the arbitrary and capricious standard of review, it is clear that this Court may not act as a substitute claim administrator and consider evidence that is outside the administrative record — particularly materials prepared months after the administrative record was closed.

Young incorrectly argues that this Court can consider this extra-record evidence because "good cause" exists to do so and cites as support her baseless arguments that Hartford had a financial conflict of interest to deny her claim for long term disability ("LTD") benefits.  Again, however, Young's arguments are incorrect as a matter of law and should be disregarded.  First, the "good cause" exception that Young attempts to invoke is not available when the court's review is to be done pursuant to the arbitrary and capricious standard of review.

NY/659382v1

Second, the threshold "good cause" requirement for the Court's acceptance of extra-record evidence, even on *de novo* review, is not met solely upon a showing that an insurer has a structural conflict of interest or even by demonstrating that this conflict influenced the insurer's decision-making (which is denied in this case).

In addition to the foregoing, Young's improper submission of Dr. Mauskop's letter should be stricken on the additional ground that it was not disclosed or identified in discovery as part of Young's initial disclosures. Young asserts that this letter should be considered because her failure to disclose it was "harmless." But Young's submission of this document on motion without first identifying it in discovery was not harmless because Defendants were prevented from considering whether they should seek additional discovery to test the information contained in it or determine whether Dr. Mauskop may have office and medical records that are inconsistent with the statements in his report. While Defendants maintain that all such material is outside the record, and therefore not part of the Court's review, it was certainly entitled to know Young's intention in order to pursue some discovery on this issue in the event the Court disagrees with their primary objection to this proof.

For these reasons as set forth more fully below, this Court should grant Defendants' motion to strike Young's extra-record submission.

## ARGUMENT
## POINT I

### YOUNG'S IMPROPER EXTRA-RECORD SUBMISSION IS NOT PART OF THE ADMINISTRATIVE RECORD

Young argues that this Court can consider Dr. Mauskop's April 17, 2009 letter, even though it was created five months after Hartford fully and finally determined Young's claim for benefits, misleadingly and incorrectly asserting that the document is part of the administrative record. But courts in this Circuit have routinely held that a Court reviewing a denial of ERISA benefits under the arbitrary and capricious review standard may <u>not</u> consider evidence generated after the claim administrator rendered its decision. *See Mehaj* v. *Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23, 2005);

2

NY/659382v1

*Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y. Jul. 13, 2004); *Bergquist* v. *Aetna U.S. Healthcare*, 289 F. Supp.2d 400, 411 (S.D.N.Y. 2003).

All of these decisions are consistent with the ruling of the U.S. Court of Appeals for the Second Circuit in *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). In *Miller*, the appellants argued that the Court should not have considered the affidavit of a nurse that plaintiff-respondent submitted in support of his motion for summary judgment. In reversing the District Court's ruling that it could consider the affidavit, the Second Circuit held that the District Court improperly considered the affidavit because:

> We follow the majority of our sister circuits in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record. Because district courts are required to limit their review to the administrative record, it follows that, if upon review a district court concludes that the Trustees' decision was arbitrary and capricious, it must remand to the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a "useless formality." This rule is consistent with the fact that nothing "in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators" and with the ERISA "goal of prompt resolution of claims by the fiduciary."

*Id.* at 1071 (citations omitted). Thus, as a matter of controlling law, Dr. Mauskop's April 17, 2009 letter cannot possibly be part of the administrative record concerning Young's claim for ERISA benefits because the administrative record was closed on the date of Hartford's final determination of her claim on appeal on December 18, 2008. Accordingly, this Court may not consider it as a matter of law. *See Wiener* v. *Health Net Of Conn., Inc.*, No. 07 4651-cv, 2009 WL 427337, *3 (2d Cir. Feb. 23, 2009); *Nelson* v. *Unum Life Ins. Co. of Am.*, 421 F.Supp.2d 558, 573 (E.D.N.Y. 2006) *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007) (finding that the Court may not consider evidence prepared after the record was closed).

In opposition to this veritable avalanche of contrary authority, Young cites *Medoy* v. *Warnaco Employees' Long Term Disability Insurance Plan*, 581 F.Supp.2d 403, 408 (E.D.N.Y. 2008), as support for her argument that Dr. Mauskop's April 17, 2009 letter can be considered part of the administrative record. In *dicta*, the *Medoy* Court quoted from a Fifth Circuit case, which took an expansive view of the administrative record, including "relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a

3

manner that gives the administrator a fair opportunity to consider it." *Id.* (quoting *Vega* v. *National Life Ins. Servs.*, 188 F.3d 287, 300 (5th Cir. 1999)). The *Medoy* Court did not consider whether documents prepared after the claim file was closed could actually be considered part of the administrative record. Notably, the District Court in *Medoy* also cited several other Circuit Court decisions consistent with the controlling Second Circuit standard discussed above, which hold that the evidence in question must have been available to the claim administrator at the time it makes its final determination on appeal in order for it to be part of the administrative record. *Id.* at 408, n. 6 (citing *Allison* v. *Unum Life Ins. Co.*, No. 04-cv-0025 (JS) (WDW), 2005 WL 1457636, *10 (E.D.N.Y. Feb. 11, 2005) (finding that the administrative record "by definition consists *only* of those documents before the administrator that determined the claim")); *see Martin* v. *Hartford Life & Acc. Ins. Co.*, No. 09-cv-6617(CJS), 2011 WL 893221, *9 (W.D.N.Y. Mar. 16, 2011); *Kindig* v. *Anthem Life Ins. Co.*, No. 07-cv-6282 (CJS), 2009 WL 909632, *7 (W.D.N.Y. Mar. 31, 2009); *see also Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because Court could not review additional extra-record evidence); *Cohen* v. *Metropolitan Life Ins. Co.*, 485 F. Supp.2d 339, 353 (S.D.N.Y. 2007) (same).

Moreover, the *Medoy dicta* relied on by plaintiff is not controlling on this Court and, in fact, is contrary to the majority of decisions on this issue by other courts in this Circuit. It is also inconsistent with rulings on this issue from the Second Circuit. Indeed, the *Medoy dicta* is contrary to the nearly unanimous holdings by other courts in this Circuit which have repeatedly held that the administrative record does <u>not</u> include documents prepared after the claim administrator made its final determination on appeal. *See Kindig*, 2009 WL 909632, at *7; *Mehaj*, 2005 WL 2030283, at *3; *Allison*, 2005 WL 1457636, at *10; *Perezaj* v. *Building Serv. 32B-J Pension Fund*, No. CV-04-3768, 2005 WL 1993392, *7 (E.D.N.Y. Aug. 17, 2005); *Maskara*, 2004 WL 1562722, at *1; *Bergquist*, 289 F. Supp.2d at 411 (S.D.N.Y. 2003); *Sarosy* v. *Metropolitan Life Ins. Co.*, No. 94 Civ. 5431 (SHS), 1996 WL 426387, *8 (S.D.N.Y. Jul. 30, 1996). Manifestly, considering evidence that was not provided to Hartford at the time that it decided Young's claim for benefits (or even in existence at that time) is contrary

NY/659382v1

to the Second Circuit's ruling in *Miller, supra*.

It is also worth noting that requiring a claim administrator to reopen the administrative record to consider information submitted long after its final determination but before an action is commenced (as Young inaccurately asserts is the rule) will substantially increase the cost of plan administration because a final claim determination will never truly be final until and unless a participant files suit.[1]  Such a situation is contrary to the careful balance struck by Congress to ensure efficient claim administration by providing for rules and regulations governing the Plan's duty to conduct a full and fair review on appeal.  *See Varity Corp.* v. *Howe*, 516 U.S. 489, 497 (1996) (noting that the Court must balance "competing congressional purposes, such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place.").  Moreover, Young's argument that claim administrators must always reopen a finally denied claim after the appeal has been finally determined, but before a lawsuit is filed, is inconsistent with governing law on point.  *See Dacosta* v. *Prudential Ins. Co. Of Am.*, No. 10-cv-720(JS)(ARL), 2010 WL 4722393, *5 (E.D.N.Y. Nov. 12, 2010).  Department of Labor ("DOL") regulations regarding a full and fair review set specific time limits on how long an appeal can take.  29 C.F.R.§2560.503-1(h).  If a participant could reopen an administrative claim at any time before commencement of an action requiring the claim administrator to provide yet another level of review, despite there being no provision for that in the governing ERISA plan, there would be no end to the administrative appeal process.  The DOL regulations establish minimum standards for a plan to provide a full and fair review, and participants must also exhaust all appeals before they may file a lawsuit under ERISA §502(a).  S*ee Nichols* v. *Prudential Life Ins. Co.*, 406 F.3d 98 (2d Cir. 2005).  There is no requirement, however, that plans continue to

---

[1]  In that same vein, Young's assertion that Hartford is obligated to keep the administrative record open for 180 days from the date of the adverse benefit determination despite that fact that the time for it to make its decision is running is an unreasonable interpretation of the ERISA regulations.  29 C.F.R. §2560.503-1(h)(3)(i) does not provide for an endless loop of appeals within the 180-day period for a participant to continually submit additional information.  Indeed, plans cannot have any more than two levels of review.  *See* 29 C.F.R. §2560.503-1(j)(4).

5

reopen and review a finally decided claim until a lawsuit is filed, as Young incorrectly suggests is the rule.

## POINT II

### THE "GOOD CAUSE" EXCEPTION FOR ALLOWING EXTRA-RECORD EVIDENCE IS INAPPLICABLE IN AN ARBITRARY AND CAPRICIOUS REVIEW

Plaintiff argues that this Court can admit extra-record evidence if "good cause" exists. (Pl. Opp., 4). Young's argument is wrong as a matter of law. First, the "good cause" exception only applies when the Court is reviewing a claim administrator's decision under the *de novo* standard. *See Miller*, 72 F.3d at 1071; *see also Gugliemi* v. *Northwestern Mut. Life Ins. Co.*, No. 06 Civ. 3431(GEL), 2007 WL 1975480, *4 (S.D.N.Y. Jul. 6, 2007); *Lee* v. *Aetna Life Ins. Co.*, 05 CIV. 2960(PAC), 2007 WL 1541009, *4 (S.D.N.Y. May 24, 2007); *Greenberg* v. *Unum Life Ins. Co. of Am.*, No. CV-03-1396(CPS), 2006 WL 842395, *8 (E.D.N.Y. Mar. 27, 2006); *Perezaj*, 2005 WL 1993392, at *7; *Sarosy*, 1996 WL 426387, at *8. Since Young has conceded that the arbitrary and capricious standard of review applies, she may not accrete the record with documents that were not submitted to Hartford at the time it finally determined Young's claim for benefits on administrative appeal.

Young cites *DeFelice* v. *American Int'l Assur. Co.*, 112 F.3d 61 (2d Cir. 1997), as a basis for the Court to accept extra-record submissions when "good cause" is demonstrated. But this decision is inapplicable because *DeFelice* involved a *de novo* review. Under an arbitrary and capricious standard of review, the Court is without discretion to admit additional evidence. *See Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343 at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009). Therefore, *DeFelice* is inapposite and *Miller*, 73 F.3d at 1071 is controlling. (*See supra.*, p. 3).[2]

Young also cites *Cook* v. *N.Y. Times Co. Long Term Disability Plan*, No. 02 Civ. 9154 (GEL), 2004 WL 203111 (S.D.N.Y. Jan. 30, 2004), as support for her argument that this Court may consider extra-record evidence under an arbitrary and capricious review. In *Cook*, the Court stated that it was applying the arbitrary

---

[2] *DeFelice* was modified by the Second Circuit's holding in *Locher* v. *UNUM Life Ins. Co.*, 389 F.3d 288, 296 (2d Cir. 2004), where it held that even in *de novo* review cases, there is a presumption against reviewing courts' consideration of materials that are outside the administrative record.

6

NY/659382v1

and capricious standard of review but mistakenly relied on *DeFelice*, which, as noted above, expressly concerns the test for admission of extra-record evidence when a "*de novo*" standard of review is applied.  2004 WL 203111, at *18.  Thus, the Court's ruling in *Cook* is inconsistent with governing law on point and cannot provide support for Young's assertion that this Court may accept extra-record evidence when conducting an arbitrary and capricious review.  To the contrary, it is well established in this Circuit that a District Court may *not* do so.  See *Miller*, 72 F.3d at 1071; *Greenberg*, 2006 WL 842395, at *8; *Perezaj*, 2005 WL 1993392, at *7; *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV2035 (TCP) (MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist*, 289 F. Supp. 2d at 411 (refusing to consider affidavit of doctor submitted after final claim decision).

Even if this Court's review was to be done under the *de novo* standard (which it is not), Young's "showing" of good cause falls well short of the mark.  First, it is well settled that a structural conflict of interest, on its own, is insufficient to meet the threshold requirement of "good cause."[3] *Locher* v. *Unum Life Ins. Co. of Am.*, 389 F.3d 288, 296 (2d Cir. 2004).  Yet, Young argues that "good cause" exists for the Court to consider extra-record submissions because of Hartford's structural conflict of interest and her allegation that Hartford failed to conduct a "full and fair" review.  (Pl. Opp., p. 5 of 8).  Young's argument, however, does not provide any "good cause" for the admission of a document prepared five months after her claim was decided, even if the "good cause" exception was applicable.  Young does not state that she was prevented from submitting this letter or that the purported medical proof it is based on was not available at any time prior to Hartford's final determination on December 18, 2008.  By letter dated November 14, 2008, Hartford notified Young that medical evidence would be evaluated by an independent medical review consultant who would contact Dr. Hiesiger (not Dr. Mauskop) and, upon the consultant's completion of the report, Hartford would make a decision on her appeal.  (0216).[4]  Notably, despite this notice, Young did not submit medical

---

[3]  Young's reliance on the decision in *Cook*, 2004 WL 203111, at *18 is wrong for this reason as well because the Court found that a conflict of interest was sufficient to demonstrate good cause.  A few months after the court's decision in *Cook*, the Second Circuit ruled in *Locher*, 389 F.3d at 296, that a plaintiff needed to make more of a showing than a mere conflict of interest.

[4]  The numbers in parentheses refer to the Bates Stamped pages starting with the prefix "YOUNG 00__,"

records from Dr. Mauskop or request that the medical review consultant contact Dr. Mauskop. (0067-70). Under the terms of the Plan, Young was obligated to submit any additional proof she believed to be relevant at that point. *See Gaud-Figueroa* v. *Metropolitan Life Ins. Co.*, 09-cv-1530(JCH), 2011 WL 572320, *10 (D. Conn. Feb. 14, 2011) (citing *Wojciechowski* v. *Metropolitan Life Ins. Co.*, 1 Fed. Appx. 77, 81, 2001 WL 38264 (2d Cir. 2001)). Since Young was on notice and failed to submit the additional proof to Hartford, she cannot reasonably ask this Court to accrete the record by falsely claiming that she did not receive a full and fair review, even under *de novo* review, which again, is inapplicable.

Furthermore, Young's allegations of procedural violations are utterly without merit. Young argues that "Hartford did not inform [her] of Dr. Topper's assertion that her headaches did not fall under any recognized classification, which served as the basis of the denial of her claim, until the December 18, 2008 final denial letter." (Pl. Opp., p. 6 of 8). This challenge to Hartford's review is meritless on its face because Young incorrectly assumes that she was entitled to respond to Dr. Topper's independent peer review report, which was prepared on appeal. That argument has been routinely rejected because 29 C.F.R. §2560.503-1 does not provide for such an exchange. *See Metzger* v. *Unum Life Ins. Co. Of Am.*, 476 F.3d 1161, 1167 (10th Cir. 2007); *Black* v. *Pitney Bowes Inc.*, No. 05 Civ. 108(GEL), 2008 WL 3992306, *11, n. 7 (S.D.N.Y. Aug 26, 2008); *Skipp* v. *Hartford Life Ins. Co.*, No. CCB-06-2199, 2008 WL 346107, *10 (D. Md. Feb. 6, 2008).

Moreover, Young's allegation of procedural violations by Hartford is baseless because, as the record clearly demonstrates, Dr. Topper, the independent medical review consultant, agreed with Young's treating neurologist, Dr. Hieseiger, concerning her restrictions and limitations. (0318). Dr. Hiesiger's letter dated October 6, 2008, which was submitted by Young in support of her administrative appeal, stated "[e]ssentially [Young has] common migraines in terms of their pattern and description, however the distribution of the headache which tends to be in the cervico occipital midline up to the vertex, is atypical of migrainous headache." (0340, 0318). Therefore, it was Young's treating doctor who found that her subjective headache

which are annexed to the Declaration of Juan Mendez, dated February 10, 2011, Doc. No. 25 ("Mendez Dec.") as Exhibits "A" through "C."

8


complaints were "atypical." Dr. Topper also agreed with Dr. Hiesiger, who opined that the radiofrequency lesioning procedure Young had in April 2008 should not have caused her headache complaints because the "understandable side effects of those procedures, including a certain amount of third occipital nerve area sensory loss, have diminished, and this kind of head pain, including this very midline location, should not be expected following these procedures."  (0340, 0318).

## POINT III

### YOUNG'S ASSERTION THAT THE COURT SHOULD CONSIDER THE EXTRA-RECORD SUBMISSIONS FOR THE PURPOSE OF WEIGHING CONFLICT OF INTEREST IS INCORRECT

Young argues that the Court can consider Dr. Mauskop's April 17, 2009 letter because it attacks the credibility of Dr. Topper and thereby proves Hartford's conflict of interest. (Pl. Opp., p. 5 of 8). This argument is contrary to controlling law from the Second Circuit, which recently held that "[n]o weight is given to a conflict in the absence of any evidence that the conflict actually affected the administrator's decision." *Durakovic* v. *Building Service 32 BJ Pension Fund*, 609 F.3d 133, 139 (2d Cir. 2010); *see Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009).

Furthermore, Dr. Mauskop's attack on Dr. Topper is not relevant to the existence of Hartford's purported conflict of interest. At best, Dr. Mauskop's letter demonstrates that he is his patient's advocate, not an impartial clinician. *See Black & Decker Disability Plan* v. *Nord,* 538 U.S. 822, 832-34 (2003). Dr. Topper's conclusions are well-founded and based on the contents of Young's own medical treatment records, as well as the findings of her own neurologist, Dr. Hiesiger. Dr. Mauskop's belated submission does not give any further credibility to Young's otherwise baseless claim that Dr. Topper is conflicted. *See Pylant* v. *Hartford Life & Acc. Ins. Co., No.* 05-cv-0379-6, 2006 WL 3247314, *5 (N.D. Tex. Nov. 9, 2006) *aff'd* 497 F.3d 536(5th Cir.2007).

9

## POINT IV

## YOUNG'S EXTRA-RECORD SUBMISSION SHOULD BE STRICKEN BECAUSE IT WAS NOT IDENTIFIED IN DISCOVERY

Young concedes that she did not disclose Dr. Mauskop's April 17, 2009 letter in discovery but asserts that it should still be considered because this failure was a harmless error. (Pl. Opp., p. 6 of 8). Manifestly, this failure was not "harmless" because it deprived Hartford of any opportunity to challenge the accuracy of the information contained the submission by seeking discovery. Notably, Dr. Mauskop's letter was prepared more than eight months after Hartford terminated Young's benefits; five months after Hartford fully and finally determined Young's administrative appeal; and two months after Young obtained a copy of the complete administrative record concerning her claim. (0066). Young's calculated submission of this letter during dispositive motion practice, was clearly designed to deprive Hartford of any ability to investigate the accuracy of the information contained therein and, therefore, demonstrates that her failure to disclose it was far from harmless. Accordingly, the Court should strike Exhibit "G" to the Affirmation of Scott Riemer on the additional ground that it was not identified or produced in discovery. *See* Rule 37(c), FED. R. CIV. P.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Hartford's Memorandum of Law in support of its motion to strike, this Court should strike Exhibit "G" to the Affirmation of Scott M. Riemer.

Dated: New York, New York
March 18, 2011

Respectfully Submitted,

s/_____
Michael H. Bernstein (MB 0579)
John T. Seybert (JS 5014)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Attorneys for Defendants
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND
CONTINENTAL CASUALTY COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925

## **CERTIFICATE OF SERVICE**

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached DEFENDANTS HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S improper EXTRA-RECORD SUBMISSION was served via ECF on this 18th day of March, 2011, upon the following:

> Scott M. Riemer Esq.
> Riemer & Associates
> 60 East 42nd Street, Suite 1750
> New York NY 10165
> Business E-mail: sriemer@riemerlawfirm.com

s/_____
JOHN T. SEYBERT

Dated:   New York, New York
         March 18, 2011