**MANDATE**

N.Y.S.D. Case #
09-cv-9811(RJH)

11-4501-cv
Young v. Hartford Life and Accident Ins. Co., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1  At a stated term of the United States Court of Appeals
2  for the Second Circuit, held at the Daniel Patrick Moynihan
3  United States Courthouse, 500 Pearl Street, in the City of
4  New York, on the 20th day of December, two thousand twelve.
5
6  PRESENT: RICHARD C. WESLEY,
7           PETER W. HALL,
8                   *Circuit Judges*,
9           RICHARD W. GOLDBERG,*
10                  *Judge.*
11
12  _____
13  SUSAN A. YOUNG,
14
15                  *Plaintiff-Appellant*,
16
17      v.                                    11-4501-cv
18
19  HARTFORD LIFE AND ACCIDENT
20  INSURANCE COMPANY, CONTINENTAL
21  CASUALTY COMPANY,
22
23                  *Defendants-Appellees.*
24  _____
25
26
27
28
29
30

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 16, 2013

---

*Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

**MANDATE ISSUED ON 01/16/2013**

| | | |
|---|---|---|
| FOR APPELLANT: | | SCOTT M. RIEMER, Riemer & Associates, LLC, New York, NY. |
| FOR APPELLEE: | | MICHAEL H. BERNSTEIN (John T. Seybert, *on the brief*), Sedgwick LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the September 23, 2011 memorandum opinion and order of the United States District Court for the Southern District of New York (Holwell, *J.*), No. 09 Civ. 9811 (RJH), 2011 WL 4430859 (S.D.N.Y. Sept. 23, 2011), is **AFFIRMED**.

On November 30, 2009, Plaintiff-Appellant Susan A. Young ("Young") filed a complaint against Defendants-Appellees Hartford Life and Accident Insurance Company and Continental Casualty Company claiming that the denial of her long-term disability benefits ("LTD") was arbitrary and capricious under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* After cross-motions for summary judgment, the district court denied Young's motion and granted Appellees' motion on September 23, 2011. We

2

assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

Young argues that she did not receive a full and fair review because Hartford did not specify what documents she needed in order to perfect her appeal and shifted the justification for denying her long-term disability in the first instance when it denied her appeal.  Young did not preserve this argument, and we decline to consider it consistent with our well-established general rule.  *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006).  Moreover, in light of the district court's thorough memorandum opinion that faithfully applied the relevant precedent to a carefully reviewed record, we will not set aside this prudential doctrine.  *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008).

Young also argues that Hartford failed to obtain readily available documents before denying her appeal.  We have never saddled an insurer like Hartford with the type of obligation that Young seeks to establish, and Young has failed to offer a persuasive justification for creating such a precedent.  Moreover, the district court assumed *arguendo* that the obligation existed and concluded that she did not

3

demonstrate how these documents would have affected the outcome of her claim.  For substantially the same reasons that the district court gave, we agree.

Young next contends that Hartford's decision was arbitrary and capricious and that the district court erred in concluding that the termination of her LTD benefits was supported by substantial evidence.  See *Durakovic v. Bldg. Svcs. 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2009).  Here, the district court underwent a very thorough and well-reasoned analysis before concluding that substantial evidence supported the decision to deny Young LTD.  We will not repeat that analysis here and agree that Hartford's denial was not arbitrary and capricious for substantially the reasons the district court gave.

Finally, Young asks us to "apply greater skepticism to Hartford's determination as a result of [a] conflict of interest" should we "conclude that the issues [*supra*] are a close call."  Appellant Br. at 54.  She then argues that Hartford suffered a debilitating conflict of interest that requires us to cut competing inferences in her favor.  "A plaintiff's showing that the administrator's conflict of interest affected the choice of a reasonable interpretation

4

```
1   is only one of 'several different considerations' that
2   judges must take into account when 'review[ing] the
3   lawfulness of benefit denials.'"  Hobson v. Metropolitan
4   Life Ins. Co., 574 F.3d 75, 83 (2d Cir. 2009) (quoting
5   McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 133 (2d
6   Cir. 2008)).  Even assuming arguendo that a conflict of
7   interest existed, Young has not sufficiently proven that the
8   conflict actually affected the outcome of her case and made
9   the denial of her benefits unlawful.  See Durakovic, 609
10  F.3d at 139-40; McCauley, 551 F.3d at 134-37.  Furthermore,
11  we decline Young's invitation to evaluate the denial of her
12  benefits with "greater skepticism" under the Ninth Circuit's
13  conflict-of-interest framework.  See Abatie v. ALTA Health &
14  Life Ins. Co., 458 F.3d 955, 968-69 (9th Cir. 2006) (en
15  banc).
16       We have considered Appellant's remaining arguments and,
17  after a thorough review of the record, find them to be
18  without merit.
19       For the foregoing reasons, the memorandum-decision and
20  order is AFFIRMED.
21
22                              FOR THE COURT:
23                              Catherine O'Hagan Wolfe, Clerk
24
25
```



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5